IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


NANETTE G. LOVE,                )
                                )
            Plaintiff,          )
                                )
    v.                          )      1:10CV980
                                )
PATRICK R. DONAHOE,             )
Postmaster General,             )
                                )
            Defendant.          )


## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss (Docket Entry 12). For the reasons that follow, the Court should grant the instant Motion.

### BACKGROUND

Plaintiff, proceeding pro se, filed a Complaint against John Potter, Postmaster General, alleging claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq. ("Rehabilitation Act"), and the Americans with Disabilities Act Amendments Act, Pub. L. No. 110-325, 122 Stat. 3553 (2008) ("ADAAA").[1] Plaintiff, a former United States Postal

---

[1] By statute, the proper Defendant in a suit brought by a federal employee arising under Title VII or the Rehabilitation Act is the agency head. See 42 U.S.C. § 2000e-16(c); see also 29 U.S.C. § 794a(a)(1) (adopting Title VII procedures). As noted in
(continued...)

Service employee, complains that during her period of employment, her supervisors failed to reasonably accommodate her anxiety disorder, eventually forcing her to resign. (Docket Entry 2 at 2-4.) Further, Plaintiff alleges, presumably in support of a racial discrimination claim, that "white females . . . were accommodated for mental and physical problems." (Id. at 3.)[2] Defendant has now moved to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 12 at 1.) Specifically, Defendant contends that res judicata bars Plaintiff's instant claims (Docket Entry 13 at 2, 4-5); that Plaintiff has failed to timely exhaust her administrative remedies (id. at 5-8); and that the ADAAA does not apply to Plaintiff's claims (id. at 8).

The Clerk of Court mailed Plaintiff a letter explaining that Plaintiff had "the right to file a 20-page response in opposition to the [D]efendant's [instant] [M]otion . . . ." (Docket Entry 14 at 1.) The letter specifically cautioned Plaintiff that her "failure to respond . . . within the allowed time may cause the

---

[1](...continued)
Defendant's Motion to Dismiss, on October 25, 2010, Patrick R. Donahoe became Postmaster General, replacing John Potter. (Docket Entry 12 at 1 n.1.) Accordingly, pursuant to Fed. R. Civ. P. 25(d), Patrick R. Donahoe is substituted as the proper Defendant.

[2] Plaintiff's Complaint does not allege her own race. (See Docket Entry 2.) However, in a previous action filed with this Court, Plaintiff identified herself as an "African-American citizen." Love v. Potter, No. 1:03CV746, Docket Entry 21, ¶ 1.

-2-

[C]ourt to conclude that the [D]efendant's contentions are undisputed and/or that [Plaintiff] no longer wish[es] to pursue the matter. Therefore, unless [she] file[s] a response in opposition to the [D]efendant's motion, it is likely [her] case will be dismissed . . . ." (Id.) Despite these warnings, Plaintiff has not filed a response to Defendant's instant Motion or made any other filings with this Court. (See Docket Entries dated May 27, 2011, to present.)

DISCUSSION

The instant action warrants dismissal both because of Plaintiff's failure to respond to the instant Motion and because res judicata bars Plaintiff's claims. Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. LR7.3(k). Moreover, the Clerk specifically warned Plaintiff that her failure to respond to the instant Motion would likely lead to dismissal. (See Docket Entry 14 at 1.) Plaintiff has offered no explanation to the Court for said failure. (See Docket Entries dated May 27, 2011, to present.)

In addition, because Plaintiff previously pursued claims based on the same underlying facts in Love v. Potter, No. 1:03CV746 ("Love I"), and the Court decided that action on its merits, res judicata bars Plaintiff's claims. A review of Love I reveals the

symmetry between the two actions.[3]  There, like here, Plaintiff complained of the failure of her new supervisor, Phillip Burns, and the United States Postal Service in general, to adequately accommodate her mental disability between 1996 and 1999.  (Compare Docket Entry 2 at 2-3, with Love I, Docket Entries 3, 21.)  Moreover, in both actions Plaintiff alleges that white female employees received accommodation but she did not.  (Compare Docket Entry 2 at 3, with Love I, Docket Entry 21, ¶ 8.)[4]  In fact, the only substantive distinctions between the two actions are that, in Love I, Plaintiff asserted claims for sexual harassment/hostile work environment and age based discrimination that the instant action omits, and, in the instant action, Plaintiff presents a claim under the ADAAA that her prior suit lacked.

On these facts, res judicata applies to bar Plaintiff's instant action.  Res judicata "bars a party from relitigating a claim that was decided or could have been decided in an original suit."  Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161 (4th Cir. 2008) (citing Pueschel v. United States, 369 F.3d 345,

---

[3] "[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."  Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citations omitted).

[4] Plaintiff identifies the same two employees in both her Amended Complaint in the prior action and her Complaint in the instant action as examples in support of this contention.  (Compare Docket Entry 2 at 3, with Love I, Docket Entry 21, ¶ 8.)

-4-

354-55 (4th Cir. 2004)). It properly applies where three elements exist: "'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009) (quoting Aliff v. Joy Mfg. Co., 914 F.2d 39, 42 (4th Cir. 1990)). Those elements exist here.

First, the Court reached a "judgment on the merits," Ohio Valley, 556 F.3d at 210, in the prior action. Judge Bullock granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's action in its entirety with prejudice. Love I, Docket Entries 40, 41. Moreover, Plaintiff appealed Judge Bullock's Judgment to the United States Court of Appeals for the Fourth Circuit, which affirmed that decision. See id., Docket Entries 42, 46, 47.

Second, both suits involve "the same parties or their privies," Ohio Valley, 556 F.3d at 210. Nanette G. Love is Plaintiff in both and sought relief against the Postmaster General as agency head of the Postal Service. (Compare Docket Entry 2, with Love I, Docket Entries 3, 21.)

Finally, the instant action is "based on the same cause of action," Ohio Valley, 556 F.3d at 210, as Plaintiff's prior suit. Plaintiff's claims for recovery under Title VII and the Rehabilitation Act were brought and decided in Love I. See Love I,

Docket Entries 3, 40. The fact that Plaintiff did not litigate the ADAAA claim previously does not change the result because "'the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990) (quoting Harnett v. Billman, 800 F.2d 1308, 1313 (4th Cir. 1986)). Plaintiff's instant allegations rest on the same series of transactions as the prior case - i.e., the failure by Plaintiff's supervisors at the United States Postal Service to accommodate her anxiety disorder more than a decade ago. (Compare Docket Entry 2, with Love I, Docket Entry 21.)

Accordingly, all of the applicable factors are present and Plaintiff's claims are barred by res judicata.[5]

## CONCLUSION

On the record of this case, no reason exists to depart from the general rule that Plaintiff's failure to respond to Defendant's instant Motion warrants granting the relief requested. See M.D.N.C. LR7.3(k). Furthermore, because Plaintiff previously had the opportunity to fully and fairly litigate this matter in a prior case in this Court, which resulted in a judgment on the merits, res judicata bars her instant claims.

---

[5] Due to this conclusion (and Plaintiff's failure to respond generally), the Court need not consider Defendant's remaining arguments that Plaintiff has failed to timely exhaust her administrative remedies (Docket Entry 13 at 5-8) and that the ADAAA does not apply to Plaintiff's claims (id. at 8).

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 12) be granted in that the Court should dismiss this action with prejudice.

                                                 /s/ L. Patrick Auld
                                                       **L. Patrick Auld**
                                       **United States Magistrate Judge**

August 20, 2012

-7-

Case 1:10-cv-00980-CCE-LPA   Document 15   Filed 08/20/12   Page 7 of 7